ANDREW PENDEXTER  (SBN 310752)
andrew.pendexter@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 243-6131
Facsimile: (213) 623-9924

MONICA B. RICHMAN (*pro hac vice* application forthcoming)
monica.richman@dentons.com
DANIEL A. SCHNAPP (*pro hac vice* application forthcoming)
daniel.schnapp@dentons.com
BRYAN L. WEIN (*pro hac vice* application forthcoming)
bryan.wein@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

Attorneys for Plaintiffs
MARKETAXESS HOLDINGS INC. and
MARKETAXESS CORPORATION

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETAXESS HOLDINGS INC. and MARKETAXESS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> TIM TABER and MARKETAXESS HOLDINGS INC., <br><br> Defendants. | Case No. 2:26-cv-05101 <br><br> **COMPLAINT FOR:** <br><br> **COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** <br><br> **COUNT II: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** <br><br> **COUNT III: COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **COUNT IV: UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200 *Et Seq.*)** <br><br> **COUNT V: TRADE NAME INFRINGEMENT (CAL. BUS. & PROF. CODE § 14402)** |

- 1-

**COUNT VI: FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))**

**COUNT VII: TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14330)**

**COUNT VIII: CYBERSQUATTING (15 U.S.C. § 1125(d))**

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

COMPLAINT

Plaintiffs MarketAxess Holdings Inc. ("MAH") and MarketAxess Corporation ("MAC" and, jointly, "Plaintiffs" or "MarketAxess"), by and through the undersigned counsel, allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

## INTRODUCTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

2. This action arises from Defendants Tim Taber ("Taber") and MarketAxess Holdings Inc.'s (the "Sham Entity" and, collectively, "Defendants") deliberate efforts to exploit MarketAxess' famous name and reputation in the financial technology sector for Defendants' own illegal purposes in violation of, *inter alia*, the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c)–(d).  On November 2, 2025, Defendants filed Articles of Incorporation with the California Secretary of State to form a company with the same legal name as MAH: MarketAxess Holdings Inc.  That same day, Defendants filed a Registration of Money Services Business (RMSB) form with the Financial Crimes Enforcement Network (FinCEN) using the same name.  On November 8, 2025, on information and belief, Defendants registered the domain name <marketaxessholdingsinc.com> (the "Infringing Website").  The Infringing Website features a confusingly similar version of MarketAxess' genuine <marketaxess.com> website except in Turkish instead of English and with the Sham Entity's registered U.S. address displayed at the top of the homepage.

3. Defendants' conduct has caused confusion in the marketplace and inflicted substantial irreparable harm on MarketAxess.  Defendants' actions have damaged MarketAxess through loss of control over its intellectual property, erosion of MarketAxess' reputation, and diminution of goodwill.  Unless permanently

- 3-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

restrained, Defendants will continue to exploit MarketAxess' famous trademarks and trade name to confuse and defraud customers.

4.　Accordingly, by this action, MarketAxess seeks permanent injunctive relief to halt Defendants' infringing activities, monetary damages, and other appropriate remedies because Defendants' conduct threatens MarketAxess' valuable reputation and intellectual property rights, and poses a risk of fraud to the unwitting consumer. Monetary damages alone will not remedy the ongoing erosion of MarketAxess' reputation and trademark rights.

## THE PARTIES, JURISDICTION, AND VENUE

5.　Plaintiff MarketAxess Holdings Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 55 Hudson Yards, 15th Floor, New York, NY 10001.

6.　Plaintiff MarketAxess Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 55 Hudson Yards, 15th Floor, New York, NY 10001.

7.　Defendants are individuals and entities who have attempted to usurp MarketAxess' corporate identity and valuable trademarks for their own illicit and illegal ends:

a.　Defendant Tim Taber is an individual who filed the Articles of Incorporation with the California Secretary of State to create the fraudulent corporation and the fake RMSB form with FinCEN representing that Defendants operate in, among other places, California, and who, on information and belief, is domiciled in this Judicial District;

b.　Defendant MarketAxess Holdings Inc. (the Sham Entity) is a corporation incorporated in the State of California, with its principal place of business, on information and belief, at 5777 W. Century Boulevard, Suite 1125, Los Angeles, California 90045.

- 4-

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

8. This Court has supplemental jurisdiction over MarketAxess' state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to MarketAxess' federal claims that the state law claims form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants because, on information and belief, the Sham Entity has its principal place of business within the State of California and this Judicial District, and committed trademark infringement in the State of California. This Court has personal jurisdiction over Taber because, on information and belief, Taber resides in this Judicial District and committed trademark infringement in this State. Additionally, Defendants have purposefully directed their activities toward California and this District by, among other things, deliberately filing articles of incorporation with the California Secretary of State under the same name as MAH, which are accessible to California residents, intentionally infringing the intellectual property of a company operating in California, hosting the confusingly similar Infringing Website, which is accessible and, on information and belief, directed in part to residents in this District, and, on information and belief, otherwise endeavoring to confuse and defraud consumers in this State and this District. Finally, the exercise of jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to MarketAxess' claims occurred in this District, including the incorporation of the Sham Entity in this State, confusion among the consuming public as to the source of the parties' goods and services, and, upon information and belief, Defendants' efforts to defraud the public through the use of, *inter alia*, the Sham Entity; MAC does business in this District and has suffered harm in this District; and Defendants are subject to personal jurisdiction in this District.

11. To the extent any Defendants are foreign entities or individuals not resident in the United States, venue is also proper under 28 U.S.C. § 1391(c)(3), which

provides that a defendant not resident in the United States may be sued in any judicial district.

## FACTUAL BACKGROUND

### A.  MarketAxess

12. MarketAxess is one of the world's leading financial technology companies and is listed on the Nasdaq stock exchange.

13. Founded in 2000, MarketAxess operates leading electronic trading platforms delivering greater trading efficiency, a diversified pool of liquidity, and significant cost savings to broker-dealers and institutional investors across the global fixed-income and other markets.

14. MarketAxess deploys its revolutionary trading technologies to connect an expansive network of participants through an integrated approach to electronic trading, combining diverse trading protocols, automated and algorithmic execution solutions, intelligent data products and analytics, and comprehensive post-trade and technology services.

15. MarketAxess' cutting-edge technology helps approximately 2,100 firms more efficiently trade fixed-income and other securities.

### B.  MarketAxess' Valuable Trademarks

16. Since at least 2000, MarketAxess has been using and continues to use the MARKETAXESS mark in commerce throughout the United States in connection with the distribution, provision, offering for sale, marketing, advertising, and promotion of MarketAxess' products and technology platforms that facilitate the trading of fixed-income and other securities.

17. In addition to MarketAxess' common law rights, MAH also owns valid, duly registered, subsisting, uncancelled, unrevoked, and incontestable registrations in the United States Patent and Trademark Office ("USPTO") for the following marks:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6-

| Trademark | U.S. Reg. No. | Goods & Services (Int'l Class) | First Use |
|---|---|---|---|
| MARKETAXESS | 4911867 | Financial services, namely, providing an electronic trading platform in the nature of an electronic financial exchange for the trading of financial securities and financial instruments; providing financial research, data, reports and information regarding securities, pricing and issuers; facilitating the negotiation and trading of securities, namely, providing financial instruments and negotiating contracts with third parties for the transfer and trading of financial securities in the nature of online trading of financial instruments, bonds, swaps and other derivative products; provision of a financial exchange for the trading of financial securities, shares, swaps, options and other derivative products; provision of financial research and information for conducting asset valuations, mark-to-market calculations, fixed-income portfolio mapping, and liquidity and volume modeling (036);<br><br>Providing temporary use of online non-downloadable software for use in the financial industry for facilitating the transfer of financial data between electronic trading applications; providing consultation for electronic trading, namely, evaluating and customizing technology applications for third parties to facilitate electronic trading of financial securities, shares, swaps, options and other derivative products (042) | Oct. 2000 |
| ✕ Market**Axess** | 5782732 | Analyzing and compiling data for measuring the performance of financial markets; preparing financial reports for | Feb. 28, 2018 |

-7-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

others in the field of financial data regarding securities, pricing and issuers (035)

Providing financial services via an electronic trading platform, namely, providing trading and brokerage of fixed income securities, providing financial services with respect to securities, namely, providing financial market information, and providing securities trading services, namely, providing financial execution of securities trades; providing financial information, including bond and securities market information and data; providing financial information regarding securities, pricing and issuers; providing financial information, namely, financial data regarding securities, pricing and issuers; providing financial information, namely, providing reports regarding securities, pricing and issuers; financial trading analysis, namely, compiling and analyzing statistics, data and other sources of information for financial purposes; financial analysis of securities information and data for financial purposes; securities trading services, namely, facilitating the negotiation and trading of securities, namely, providing financial instruments and negotiating contracts with third parties for the transfer and trading of financial securities in the nature of online trading of bonds, swaps, shares and other derivative products; financial securities exchange services, namely, facilitating the negotiation and trading of securities, namely, providing financial instruments and negotiating contracts with third

- 8-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

| | | parties for the transfer and trading of financial securities in the nature of online trading of bonds, swaps, shares and other derivative products; provision of a financial exchange for the trading of financial securities, shares, swaps, options and other derivative products (036)<br><br>Providing temporary use of online non-downloadable software for use in the financial industry for facilitating the buying and selling of securities on an electronic trading application; providing a web-based service featuring technology that enables users to access financial market data and pricing information, namely, providing temporary use of non-downloadable software for use in buying, selling, negotiating, completing, accessing, matching, comparing, monitoring, searching, analyzing, tracking and viewing financial market data and pricing information of financial securities; providing computer software consulting, namely, consultation for electronic trading by evaluating and customizing technology applications for third parties to facilitate electronic trading of financial securities, shares, swaps, options and other derivative products (042) | |
| --- | --- | --- | --- |

18.   Based on its federal trademark registrations, as well as its common law rights, MarketAxess owns the exclusive rights to use the MarketAxess Marks (as defined below) in commerce in the United States in connection with the goods and services covered by the registrations.

19.   MarketAxess has protected and continues to zealously protect its brand through filing and prosecuting its trademark applications, continued use, and vigilant

enforcement of its registered and common law marks, inclusive of its trade names (collectively, the "MarketAxess Marks"), including, without limitation, through a trademark opposition filed with the Trademark Trial and Appeal Board ("TTAB") on July 30, 2013, and seeking an extension of time to file another opposition on November 12, 2025.

20.     MarketAxess has used the MarketAxess Marks continuously since 2000 and developed significant goodwill through that use.  MarketAxess continues to use the MarketAxess Marks to identify its goods and services in interstate commerce in connection with, *inter alia*, financial services.  The MarketAxess Marks are intended to distinguish MarketAxess' services from those that are not so authorized.

21.     The MarketAxess Marks have been extensively and continuously advertised and promoted by MarketAxess within the United States and worldwide. Substantial amounts of time, money, and resources have been expended over the years to ensure that the consuming public associates such marks exclusively with MarketAxess.

22.     Since 2000, MarketAxess has maintained the internet domain of <marketaxess.com>.  This domain is an interactive website that connects users with a detailed description of MarketAxess' goods and services.

23.     MarketAxess' website operates within the United States and is accessible to residents of California.

24.     In compliance with its legal obligations, MAC has also properly registered its trade name in each State in which it does business, including California.

25.      On September 12, 1997, MAC filed Articles of Incorporation with the California Secretary of State for an out-of-state stock corporation in the name "Trading Edge, Inc."

26.     On November 10, 2005, MAC filed an Amended Statement by Foreign Corporation with the California Secretary of State to change its name to "MarketAxess Corporation."

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 10-

27. MAC has maintained that registration with the California Secretary of State between 2005 and the present, including, for the avoidance of doubt, on the date that Defendants incorporated the Sham Entity.

28. MAC has continued to operate under the name "MarketAxess Corporation" regularly and continuously in California, and the United States, since 2005.

29. MarketAxess and the MarketAxess Marks have been prominently featured in advertising and promotional materials throughout the world, including, without limitation, in leading online and domestic print publications.

30. As a result of these diligent efforts, MarketAxess enjoys tremendous goodwill in its MarketAxess Marks.

31. By virtue of the expansive scope of the services rendered and the substantial resources devoted to promoting the MarketAxess Marks, such marks have acquired strong secondary meaning in the minds of the consuming public and are now highly distinctive, famous, and serve as unique source identifiers of MarketAxess' goods and services.

## C. Defendants' Infringing Activities

32. On or about November 2, 2025, Defendants filed Articles of Incorporation of a California General Stock Corporation with the California Secretary of State for "MarketAxess Holdings Inc." under the name Tim Taber.

33. That same day, Defendants filed an initial Registration of Money Services Business (RMSB) form with the Financial Crimes Enforcement Network (FinCEN), again under the name Tim Taber, in which they purported to do business in all U.S. States and Territories.

34. On November 6, 2025, Defendants filed a Statement of Information for the Sham Entity with the California Secretary of State.

35. The Statement of Information stated that Taber held the roles of "Chief Executive Officer, Chief Financial Officer, [and] Secretary" at the Sham Entity.

- 11-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

36. On November 8, 2025, Defendants registered a domain name bearing MAH's full legal name: <marketaxessholdingsinc.com>.

37. The Infringing Website prominently displays the MarketAxess Marks and features a blue-and-white color scheme and layout that strongly resemble the genuine <marketaxess.com> domain (the "MarketAxess Website").

38. Defendants use the Infringing Website and the MarketAxess Marks in connection with the marketing, advertising, and promotion of financial services, namely, a leading electronic trading platform for fixed-income securities.

39. The Infringing Website expressly identifies the Sham Entity's address— "5777 W. Century Blvd. Ste 1125, Los Angeles, CA 90045 Amerika [sic]"—at the top left of the homepage.

40. MarketAxess is not affiliated with the Infringing Website, nor did it authorize or endorse the registration or use thereof.

41. On information and belief, Defendants registered and use the Infringing Website to confuse consumers into believing that the Infringing Website is affiliated with, endorsed by, or authorized by MarketAxess.

42. On information and belief, Defendants registered and use the Infringing Website to free ride on MarketAxess' famous MarketAxess Marks and divert Internet traffic, especially among Turkish consumers in the United States, intended for MarketAxess.

43. On information and belief, Defendants are using the Infringing Website to defraud users through the use of the genuine MarketAxess Marks and a confusingly similar iteration of the MarketAxess Website.

44. Additionally, on November 28, 2025, less than a month after creating the Sham Entity in California, an individual named "Tim Taber" filed Articles of Incorporation with the Colorado Secretary of State for an entity named "DrefX Exchange LTD."

COMPLAINT

45. On information and belief, that same entity established a webpage at the URL <drefx.com>, which purported to offer a cryptocurrency trading platform.

46. On November 28, 2025, an individual named "Tim Taber" also filed a Form D in the SEC's EDGAR system, using the same address.

47. On April 15, 2026, however, the Washington State Department of Financial Institutions (DFI) issued a press release "regarding a potentially fraudulent investment company called Viontra Capital Inc. . . . associated with a purported cryptocurrency trading platform called DreFX Exchange Ltd."

48. That press release described a cryptocurrency scam whereby Viontra Capital Inc. ("Viontra") and DreFX Exchange Ltd. ("DreFX") conspired to defraud customers through social media channels.

49. As of the filing of this Complaint, visitors to the <drefx.com> website encounter a landing page stating: "This domain has been seized in accordance with a seizure warrant [as] part of a joint law enforcement operation conducted by Operation Level Up and the Scam Center Strike Force, which are initiatives of the Department of Justice, U.S. Attorney's Office for the District of Columbia, the Federal Bureau of Investigation, and the U.S. Secret Service."

50. Visitors to Viontra's website <viontracapital.com> encounter an identical landing page.

51. It is widely recognized that scammers often rely on the indicia of legitimacy conferred by the very filings at issue in this case, namely, Articles of Incorporation with a Secretary of State and Registration of an MSB with FinCEN, to perpetrate their schemes.

52. On information and belief, Defendants intentionally created the Sham Entity and the Infringing Website to deceive and defraud the consuming public into believing them to be associated with, authorized by, or endorsed by the genuine MarketAxess.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 13-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

53. Defendants' illegal activities have caused and continue to cause substantial harm to MarketAxess, including, but not limited to:

a. Actual confusion in the marketplace and interference with MarketAxess' business relationships, as recently occurred after a major bank mistook the Sham Entity to be the legitimate MarketAxess;

b. Dilution of the distinctive quality of the MarketAxess Marks, which MarketAxess has carefully cultivated and protected for over two decades through consistent brand management and quality control;

c. Loss of control over the quality and content of services provided under the MarketAxess Marks, as Defendants operate without MarketAxess' rigorous quality assurance processes and security and regulatory protocols, and, on information and belief, intend only to perpetrate frauds on the consuming public; and

d. Damage to MarketAxess' reputation and goodwill through association with a fraudulent entity and/or trading platform.

54. Defendants' actions have been willful and deliberate, with full knowledge of MarketAxess' rights in and to the MarketAxess Marks.

55. On May 1, 2026, MarketAxess sent a cease-and-desist letter to Defendants at the address on file with the California Secretary of State, demanding that they immediately change the name of the Sham Entity and stop holding themselves out as being in any way affiliated with or endorsed by the genuine MarketAxess, failing which MarketAxess would bring legal action against them.

56. Defendants did not respond to the May 1, 2026 cease-and-desist letter, necessitating MarketAxess's initiation of this action.

## CLAIMS FOR RELIEF

### Count I: Trademark Infringement

### Under Lanham Act Section 32, 15 U.S.C. § 1114

57. MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

- 14-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

58.   The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59.   MarketAxess owns valid and protectable registered rights in the MarketAxess Marks, which are registered with the USPTO and are valid, subsisting, used in commerce, and inherently distinctive.

60.   Upon information and belief, Defendants had actual knowledge of MarketAxess' ownership and use of the MarketAxess Marks prior to Defendants' adoption and use of the MarketAxess Marks and/or confusingly similar variations thereof in connection with the promotion, advertising, offering for sale, and selling of its products and services.

61.   MarketAxess has not authorized Defendants to use the MarketAxess Marks, and Defendants' use of the MarketAxess Marks and/or confusingly similar variations of the MarketAxess Marks has resulted in Defendants unfairly and unlawfully benefitting from MarketAxess' goodwill.

62.   Defendants' unauthorized use and promotion of the MarketAxess Marks and/or confusingly similar variations of the MarketAxess Marks are causing confusion, and will likely continue to cause confusion, mistake, or deception on the part of customers as to the source, nature, and quality of the products Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

63.   As a direct and proximate result of Defendants' wrongful conduct, MarketAxess has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, MarketAxess will suffer further harm to its name, reputation, and goodwill.

64.   This harm constitutes an injury for which MarketAxess has no adequate remedy at law.

65.   On information and belief, Defendants have acted willfully to usurp MarketAxess' rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), and Defendants' profits due to the infringement.

## Count II: Trademark Infringement

## False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act

66.   MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

67.   In addition to its federal trademark registrations, MarketAxess owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the MarketAxess Marks in California and throughout the United States.

68.   The MarketAxess Marks have been and are used in commerce in the United States.

69.   Defendants' use of the MarketAxess Marks and/or confusingly similar variations of the MarketAxess Marks in commerce constitutes false designation of origin, as it is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between MarketAxess and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods or services by MarketAxess.

70.   As a direct and proximate result of Defendants' wrongful conduct, MarketAxess has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless the Court enjoins Defendants, MarketAxess will suffer further harm to its name, reputation, and goodwill.

71.   This harm constitutes an injury for which MarketAxess has no adequate remedy at law.

72.   Defendants' past and continued use of the MarketAxess Marks constitutes infringement of the MarketAxess Marks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

73.   On information and belief, Defendants have acted willfully to usurp MarketAxess' rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), and Defendants' profits due to the infringement.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 16-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## Count III: Common Law Trademark Infringement

74. MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

75. MarketAxess owns and enjoys valid, enforceable and fully subsisting trademark rights in the MarketAxess Marks in California and throughout the United States.

76. Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in trademark infringement under California common law.

77. Because of Defendants' violations, MarketAxess is entitled to relief as set forth below.

## Count IV: Unfair Competition

## Cal. Bus. & Prof. Code §§ 17200 Et Seq.

78. MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

79. MarketAxess owns and enjoys valid, enforceable and fully subsisting trademark rights in the MarketAxess Marks in California and throughout the United States.

80. Defendants, through the conduct and violations described above, have misappropriated valuable rights of MarketAxess.

81. Upon information and belief, Defendants have passed off the goods and services of Defendants as those of MarketAxess, and are actively trading on the goodwill symbolized by the trade name "MarketAxess Holdings Inc." as well as the valuable MARKETAXESS mark as alleged herein.

82. Defendants' actions are likely to cause members of the public to believe, incorrectly, that Defendants' products and services originate from, or have been authorized, sponsored, approved, or endorsed by MarketAxess, or that Defendants' businesses are otherwise connected to, sponsored by, or affiliated with MarketAxess

- 17-

in some way; whereas, in fact, MarketAxess does not approve of Defendants' appropriation of its trade name and trademarks for its products, services, or businesses.

83.     Defendants, by virtue of their unfair use of the MarketAxess Marks and/or confusingly similar variations of the MarketAxess Marks, have violated society's notions of fair play and fundamental fairness.

84.     Defendants are knowingly using the mark MARKETAXESS and, on information and belief, variants thereof, which are identical and/or highly similar to the MarketAxess Marks and are uniquely associated with MarketAxess' business.

85.     These acts constitute unfair, unlawful, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

86.     California consumers have been and will continue to be harmed as a direct, foreseeable, and proximate result of Defendants' actions, and are threatened with continued harm, including, without limitation, consumer confusion and, on information and belief, fraud.

87.      As set forth herein, this willful conduct has caused and will continue to cause, unless restrained by this Court, serious and irreparable injury to MarketAxess, for which MarketAxess has no adequate remedy at law.

## Count V: Trade Name Infringement

## Cal. Bus. & Prof. Code § 14402

88.     MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

89.     Defendants' registration and use of an identical trade name— "MarketAxess Holdings Inc."—in connection with Defendants' services has damaged MarketAxess' business reputation by causing the trade and the public to believe that the services offered by Defendants are approved, sponsored, and/or licensed by MarketAxess.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 18-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

90.     Defendants' use of the trade name "MarketAxess Holdings Inc." has infringed upon MarketAxess' trade name and, unless enjoined, will cause the public to associate MarketAxess' valuable and high quality services and products with Defendants' services and products, which will inevitably tarnish MarketAxess' reputation and image with the public and inflict irreparable damage.

### Count VI: Federal Trademark Dilution

### Under Lanham Act, Section 43, 15 U.S.C. § 1125(c)

91.     MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

92.     The MarketAxess Marks are inherently distinctive and widely recognized by the general consuming public of the United States, qualifying as "famous" marks under 15 U.S.C. § 1125(c).  The MarketAxess Marks have been in regular and continuous use for over twenty-five years, are registered on the Principal Register, have achieved "incontestable status" under 15 U.S.C. § 1065, and have been the subject of substantial advertising and promotion.

93.     Defendants' unauthorized use of the MarketAxess Marks commenced long after such marks became famous and is likely to cause dilution of the distinctive quality of such marks in violation of 15 U.S.C. § 1125(c).

94.     Defendants' acts of dilution include, but are not limited to:

a.     Dilution by blurring, by diminishing the uniqueness and distinctiveness of the MarketAxess Marks throughout the United States; and

b.     Dilution by tarnishment, by associating the MarketAxess Marks with services of inferior, and, on information and belief, fraudulent character, and thus devoid of MarketAxess' professional standards and quality controls.

95.     Defendants willfully intended to trade on MarketAxess' reputation and to cause dilution of the famous MarketAxess Marks.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

96. As a direct and proximate result of Defendants' conduct, MarketAxess has suffered and will continue to suffer monetary damages in an amount to be proven at trial.

97. MarketAxess is entitled to injunctive relief, as well as damages, profits, and costs pursuant to 15 U.S.C. § 1125(c).

**Count VII: Trademark Dilution**

**Cal. Bus. & Prof. Code § 14330**

98. MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

99. The MarketAxess Marks are distinctive and famous within the State of California and were distinctive and famous prior to Defendants' first use thereof.

100. Defendants' unauthorized use of the MARKETAXESS mark in connection with their products and services is likely to cause dilution of the distinctive quality of MarketAxess' mark in violation of California Business & Professions Code § 14330.

101. Defendants' acts of dilution include, but are not limited to:

a. Dilution by blurring, by diminishing the MARKETAXESS mark's uniqueness and distinctiveness in California; and

b. Dilution by tarnishment, by associating the MARKETAXESS mark with services of inferior, and, on information and belief, fraudulent character, and thus devoid of MarketAxess' professional standards and quality controls.

102. As a direct and proximate result of Defendants' dilution, MarketAxess has suffered and continues to suffer irreparable injury to its business, reputation, and goodwill in California, for which MarketAxess has no adequate remedy at law.

103. Defendants' dilution has been willful and deliberate, entitling MarketAxess to enhanced remedies.

104. MarketAxess is entitled to injunctive relief, compensatory damages, disgorgement of Defendants' profits, and punitive damages.

- 20-

## Count VIII: Cybersquatting

## Under Lanham Act Section 43, 15 U.S.C. § 1125(d)

105.    MarketAxess repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

106.    Defendants have registered, trafficked in, and/or used domain names that are identical and confusingly similar to the MarketAxess Marks and the MAH trade name, which were distinctive at the time that Defendants registered <marketaxessholdingsinc.com> in violation of the Anticybersquatting Consumer Protection Act (ACPA).

107.    Defendants have a bad faith intent to profit from the MarketAxess Marks because Defendants have no legal right to use the <marketaxessholdingsinc.com> domain name, which on information and belief is being used to offer fraudulent investment services for the purpose of commercial gain.

108.    As a direct and proximate result of such conduct, MarketAxess has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

109.    Defendants' violation of Section 1125(d)(1) entitles MarketAxess to recover statutory damages under 15 U.S.C. § 1117(d) of up to $100,000 per domain name, or its actual damages and Defendants' profits, at the election of MarketAxess. In the Court's discretion, MarketAxess' actual damages may be trebled.

110.    Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).  Consequently, this Court may, and MarketAxess hereby requests this Court to, award MarketAxess its reasonable attorneys' fees and costs incurred in the prosecution of this action as the prevailing party.

## **PRAYER FOR RELIEF**

WHEREFORE, MarketAxess prays for relief and judgment against Defendants as follows:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 21-

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1.  That Defendants and all those in active concert or participation with Defendants (including, but not limited to, their officers, directors, agents, servants, wholesalers, distributors, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) be temporarily, preliminarily, and then permanently enjoined and restrained from:

a.  using the MarketAxess Marks, or any logo, device, design, or word mark that is a colorable imitation of, or is similar to, the MarketAxess Marks, or any of them, in connection with the advertising, distributing, marketing, offering for sale, or sale of any product or service neither originating from nor authorized by MarketAxess;

b.  using in commerce, including registering or trafficking in, any domain names containing "MarketAxess" or the MarketAxess Marks, or any other confusingly similar trademark to the MarketAxess Marks;

c.  representing in any manner or by any method whatsoever that goods, services, or other products provided by Defendants are sponsored, approved, authorized by or originate from MarketAxess or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship, or certification of such goods, products or services.

2.  That Defendants and all those in active concert or participation with Defendants (including, but not limited to, their officers, directors, agents, servants, wholesalers, distributors, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) take affirmative steps to dispel such false impressions that have heretofore been created by their registration of the Sham Entity and their use of the MarketAxess Marks, including, but not limited to, petitioning the California Secretary of State for dissolution of the Sham Entity and recalling from any and all channels of distribution any and all advertising, marketing, or promotional material and any other documents or things bearing or distributed under the MarketAxess Marks, or any confusingly similar variations thereof.

3. That Defendants, within thirty days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon MarketAxess' attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the aforementioned Paragraphs 1-2.

4. That Defendants account to MarketAxess for their own profits and any damages sustained by MarketAxess, to the extent calculable, arising from the foregoing acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition.

5. That the Court issue an Order requiring the forfeiture or cancellation of the <marketaxessholdingsinc.com> domain name, or the transfer of the <marketaxessholdingsinc.com> domain name to MarketAxess pursuant to 15 U.S.C. § 1125(d)(1)(C).

6. That the Court issue an Order requiring the California Secretary of State to dissolve or transfer over to MarketAxess the Sham Entity.

7. That in accordance with such accounting, MarketAxess be awarded judgment for three times such profits or damages (whichever is greater), pursuant to, *inter alia*, 15 U.S.C. § 1117.

8. That MarketAxess be awarded its reasonable attorneys' fees and disbursements.

9. That MarketAxess be awarded its pre- and post-judgment interest.

10. That MarketAxess have such other and further relief as the Court may deem equitable.

## **DEMAND FOR JURY TRIAL**

MarketAxess hereby demands a jury trial for all claims so triable, as provided by Rule 38 of the Federal Rules of Civil Procedure.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 23-

COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Dated:  May 12, 2026

Respectfully submitted,

DENTONS US LLP

By: /s/ Andrew M. Pendexter
    Andrew M. Pendexter
    Monica B. Richman (*pro hac vice* application forthcoming)
    Daniel A. Schnapp (*pro hac vice* application forthcoming)
    Bryan L. Wein (*pro hac vice* application forthcoming)

Attorneys for Plaintiffs
MARKETAXESS HOLDINGS INC. and
MARKETAXESS CORPORATION

- 24-

COMPLAINT