BLAKE L. OSBORN (SBN 271849)
blake.osborn@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 243-6131
Facsimile: (213) 623-9924

MONICA B. RICHMAN (admitted *pro hac vice*)
monica.richman@dentons.com
BRYAN L. WEIN (admitted *pro hac vice*)
bryan.wein@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 768-6700
Facsimile: (212) 768-6800

Attorneys for Plaintiffs
MARKETAXESS HOLDINGS INC. and
MARKETAXESS CORPORATION

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKETAXESS HOLDINGS INC. and MARKETAXESS CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> TIM TABER and MARKETAXESS HOLDINGS INC., <br><br> Defendants. | Case No. 2:26-cv-05101 <br><br> Assigned to Hon. Josephine L. Staton <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SERVE DEFENDANTS TIM TABER AND MARKETAXESS HOLDINGS INC. BY ALTERNATIVE MEANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    August 28, 2026 <br> Time:    10:30 a.m. <br> Ctrm:    8A <br><br> Action Filed:  May 12, 2026 |

- 1-

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

**PLEASE TAKE NOTICE** that on August 28, 2026, at 10:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8A of the Honorable Josephine L. Staton, Plaintiffs MarketAxess Holdings Inc. and MarketAxess Corporation ("Plaintiffs") will and hereby do move this Court for an order authorizing alternative service on Defendants Tim Taber ("Taber") and MarketAxess Holdings Inc. (collectively, "Defendants"), a California corporation formed by Taber and alleged in the Complaint to be a sham entity, by email to destek@marketaxessholdingsinc.com, and authorizing additional alternative service on Defendant MarketAxess Holdings Inc. only by delivery to the California Secretary of State pursuant to California Corporations Code section 1702. Declaration of Blake Osborn ("Osborn Decl.") ¶ 3. In the alternative, Plaintiffs request service on Defendants by publication in the *Los Angeles Times* and *Denver Post*.

This Motion is brought pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), California Code of Civil Procedure sections 413.30 and 415.50, and California Corporations Code section 1702, because Plaintiffs have exercised reasonable diligence but have been unable to effect service by ordinary means, and because the proposed methods are reasonably calculated to give Defendants actual notice of this action. Plaintiffs also request, to the extent necessary, a brief extension of the Rule 4(m) service deadline to complete service within thirty (30) days (or if publication is ordered, then ninety (90) days to comply with both California Code of Civil Procedure section 415.50(a)(1) and Government Code section 6040) after entry of the requested order, because Judge Staton's Standing Order requires service in accordance with Rule 4 and warns that the Court will require good cause to extend the service deadline beyond ninety (90) days. Osborn Decl. ¶¶ 2-3.

This Motion follows Plaintiffs' unsuccessful efforts to serve Defendants at the California Secretary of State address that Defendants themselves listed for the sham entity and Taber, where Plaintiffs were told that the company was not located at the

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

address, although the current occupant continued to receive mail for the company. Declaration of Bobbie A. Ascate ¶¶ 2-6, Ex. 7; Declaration of Dave Whittet ("Whittet Decl.") ¶¶ 7-12 & Ex. 9. It also follows Plaintiffs' investigation into Taber, including an unsuccessful Accurint search, an investigation by Countrywide Investigative Agency, and the identification of a Colorado address connected to another entity associated with "Tim Taber" that the investigator determined was not a real rentable office suite but rather a lounge area within an office building. Whittet Decl. ¶¶ 7-12 & Ex. 9. Plaintiffs sent Defendants notice of this action, copies of case-initiating documents, and a request for response by email to destek@marketaxessholdingsinc.com on June 2, 2026, and followed up on June 10, 2026, warning that Plaintiffs would seek leave for alternative service if Defendants did not respond by June 11, 2026. Declaration of Bryan Wein ¶¶ 12-13 & Ex. 6.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Bryan L. Wein, Bobbie Ascate, Blake Osborn, and Dave Whittet, the pleadings and records on file in this action, the exhibits attached to the declarations, and any further oral or written argument the Court may consider.

Dated:  July 10, 2026               DENTONS US LLP

By: /s/ *Blake L. Osborn*
        Blake L. Osborn

Attorneys for Plaintiffs
MARKETAXESS HOLDINGS INC. and
MARKETAXESS CORPORATION

- 3-

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................... 8

II.   STATEMENT OF FACTS ........................................................................................ 9

    A.    Defendants' Infringing Conduct and the Urgency of Service ................ 9

    B.    Plaintiffs' Efforts to Serve Defendants by Ordinary Means ................. 11

    C.    Plaintiffs' Efforts to Notify Defendants by Email ................................ 12

III.  LEGAL STANDARD ............................................................................................. 12

IV.   ARGUMENT .......................................................................................................... 14

    A.    Plaintiffs Have Exercised Reasonable Diligence in Attempting to Serve Defendants by Conventional Means ............................................ 15

    B.    Email Service Is Reasonably Calculated to Give Actual Notice to Both Defendants ..................................................................................... 17

    C.    Service On the California Secretary of State Should Also Be Authorized for the Market Sham Entity Only ....................................... 19

    D.    In the Alternative, Plaintiffs Request Service Via Publication on both Defendants with the *Los Angeles Times* and *Denver Post* ........... 21

    E.    The Court Should Grant Any Necessary Extension of Time to Complete Service .................................................................................. 22

V.    CONCLUSION ....................................................................................................... 23

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

PLAINTIFFS' MOTION TO SERVE BY ALTERNATIVE MEANS

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aevoe Corp. v. Pace*,
   No. C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) ............15, 17

*Anqin Wang v. California Inv. Immigration Fund, LLC*,
   No. CV-17-08936-MWF, 2018 WL 4740176 (C.D. Cal. Apr. 24,
   2018) ........................................................................................................21

*Benfica – Futbol SAD v. Doe 1*,
   No. 18-2978-RSWLE-E, 2018 WL 4043182 (C.D. Cal. Aug. 21,
   2018) ........................................................................................................19

*Buchanan v. Soto*,
   241 Cal. App. 4th 1353 (2015) ..................................................................22

*Creative Intellects v. Haygood*,
   No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237 (C.D. Cal. July
   23, 2021) ...................................................................................................18

*Donel, Inc. v. Badalian*,
   87 Cal. App. 3d 327 (1978) .......................................................................15

*Dusenberry v. United States*,
   534 U.S. 161 (2002).................................................................................15

*E.L.V.H. Inc. v. Bennett*,
   No. 2:18-cv-00710-ODW (PLA), 2018 WL 6131947 (C.D. Cal. May
   2, 2018) .....................................................................................................15

*Entrepeneur Media, Inc. v. Casey*,
   No. 8:18-cv-01058-JLS-AGR, 2018 WL 6424515, at *2 (C.D. Cal.
   Oct. 1, 2018) .............................................................................................18

*Facebook, Inc. v. Banana Ads, LLC*,
   No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) .........17, 18

*Gnathonic, LLC v. Dingman*,
   No. 2:19-cv-01502-VAP-SSX, 2019 WL 13166751 (C.D. Cal. Oct.
   2, 2019) ...........................................................................................14, 15, 17

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 5-

*Kevych v. Lauren Messiah Inc.*,
No. CV 25-7629 PA, 2026 WL 157668 (C.D. Cal. Jan. 14, 2026)....................14

*Kohler Co. v. Domainjet, Inc.*,
No. 11-CV-1767-BEN MDD, 2012 WL 716883 (S.D. Cal. Mar. 5, 2012) ...............................................................................................................17

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950)...........................................................................................13

*Panini Am., Inc. v. Kollectorsvault, LLC*,
No. 19-CV-03800-LB, 2019 WL 6311414 (N.D. Cal. Nov. 25, 2019) .................................................................................................................21

*People v. Parcel No. 056-500-09*,
58 Cal. App. 4th 120 (1997) .............................................................................22

*Peterson v. United States*,
No. EDCV 15-00143-AB(RAO), 2017 WL 10543986 (C.D. Cal. Jan. 10, 2017)..................................................................................................22

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .....................................................................13, 17

*Sendzul v. Hoag*,
No. CV 21-06894-RGK (KS), 2022 WL 2124903 (C.D. Cal. Apr. 14, 2022) ...........................................................................................................13

*Simple Design Ltd. v. Dairy-Queen Vision*,
No. 2:22-cv-03585-JLS-AFM, 2022 WL 17361970, at *3 (C.D. Cal. July 27, 2022) ......................................................................................................18

*United States v. Benson*,
2019 WL 6612246 (N.D. Cal. Dec. 5, 2019)....................................................21

*Watts v. Crawford*,
10 Cal. 4th 743 (1995) .................................................................................15, 21

**Statutes**

California Code of Civil Procedure
§ 413.30...............................................................................................................13
§ 415.10...............................................................................................................13

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

PLAINTIFFS' MOTION TO SERVE BY ALTERNATIVE MEANS

§ 415.20......................................................................................................................13
§ 415.30......................................................................................................................13
§ 415.40......................................................................................................................13
§ 415.50................................................................................................... *passim*

California Corporations Code
§ 1702.............................................................................................9, 14, 20, 23

California Government Code
§ 6040.........................................................................................................23
§ 6064.........................................................................................................21

**Other Authorities**

Federal Rules of Civil Procedure
Rule 4(e)(1).....................................................................................8, 12, 14
Rule 4(h)(1)(A) ..............................................................................8, 12, 14
Rule 4(m) ...............................................................................................22

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

PLAINTIFFS' MOTION TO SERVE BY ALTERNATIVE MEANS

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs MarketAxess Holdings Inc. and MarketAxess Corporation ("Plaintiffs") seek a practical order permitting service by the methods most likely to reach Defendants Tim Taber ("Taber") and MarketAxess Holdings Inc. ("Market Sham Entity") (collectively, "Defendants"): email to the address Defendants publish on their infringing website and, for the California corporate Defendant only, service through the California Secretary of State.

Defendants registered a California corporation using the exact legal name of Plaintiff MarketAxess Holdings Inc., registered a money-services-business filing with FinCEN under that same name, and then operated an infringing website at marketaxessholdingsinc.com that copies Plaintiffs' name, marks, visual presentation, and financial-services positioning. Defendants' conduct threatens Plaintiffs' intellectual property, reputation, goodwill, and consumers. Defendants have also made ordinary service impracticable by using a California address that has not led to either Defendant and by relying on online indicia of legitimacy rather than a genuine, reachable business presence. Indeed, Plaintiffs attempted service thrice at the California address listed with the Secretary of State for both the Market Sham Entity and Taber, but each attempt failed because the company was not located there and the current, unrelated occupant only continued to receive mail for it. Plaintiffs also pursued investigation into Taber and Market Sham Entity to effect service, but that fared no better as the addresses found were merely lounges in office buildings—not actual real suites—and Google Voice numbers anyone could create.

Plaintiffs' inability to serve Defendants, despite diligent efforts to effect service, is materially impeding the progress of this litigation and causing ongoing harm to Plaintiffs. Thus, pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), and California service of process procedures, Plaintiffs respectfully

request authorization from the Court to serve the summons and Complaint on both Defendants by email to destek@marketaxessholdingsinc.com, and authorizing additional alternative service on Defendant MarketAxess Holdings Inc. only by delivery to the California Secretary of State pursuant to California Corporations Code section 1702. In the alternative, Plaintiffs request service by publication in the *Los Angeles Times* and *Denver Post* pursuant to California Code of Civil Procedure section 415.50(a)(1). Plaintiffs also request a reasonable extension of the deadline to complete such service.

## II.    STATEMENT OF FACTS

### A.    Defendants' Infringing Conduct and the Urgency of Service

Plaintiffs filed the Complaint on May 12, 2026. Declaration of Bryan L. Wein ("Wein Decl.") ¶ 2; Dkt. No. 1. The Complaint alleges claims for trademark infringement, false designation of origin, common law trademark infringement, unfair competition, trade name infringement, federal and state trademark dilution, and cybersquatting. Dkt. No. 1. The case arises from Defendants Tim Taber and the California entity MarketAxess Holdings Inc.'s alleged effort to exploit MarketAxess's famous name and reputation in the financial technology sector in violation of the Lanham Act and related law. *Id.*; *see also* Wein Decl. ¶ 3.

MarketAxess has used the MARKETAXESS mark in commerce since at least 2000 in connection with technology platforms and services that facilitate fixed-income and other securities trading. *See* Dkt. No. 1. Plaintiff MarketAxess Holdings Inc. owns federal registrations for MARKETAXESS, including U.S. Registration Nos. 4911867 and 5782732, and the Complaint alleges that those registrations and MarketAxess's common law rights give it exclusive rights in the MarketAxess Marks for the relevant goods and services. *Id.*; Wein Decl. ¶ 7. MarketAxess has maintained its genuine marketaxess.com domain since 2000, and its website is accessible in California. Dkt. No. 1 at ¶¶ 22-23.

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

Defendants allegedly incorporated a California corporation under the identical name "MarketAxess Holdings Inc." on or about November 2, 2025, and Taber was identified in the California Statement of Information as the Sham Entity's chief executive officer, chief financial officer, and secretary. Wein Decl., Ex. 1. Defendants also filed a money-services-business registration with FinCEN under the same name that same day and represented that the Sham Entity engaged in money-services activities in all U.S. states and territories. *Id*., Ex. 2. Six days later, on November 8, 2025, Defendants registered marketaxessholdingsinc.com and used that domain for an infringing website that prominently displays the MarketAxess Marks and closely resembles the genuine MarketAxess website, but in Turkish. *Id*., Exs. 3, 4. Defendants' Statement of Information filed with the California Secretary of State, its registered agent for service of process, the money-services-business registration with FinCEN, and its own website *all* list 5777 W. Century Blvd., Ste. 1125, Los Angeles, California 90045 as its principal address. *See id*. ¶¶ 3-5 & Exs. 1-3. Moreover, Defendants' website lists destek@marketaxessholdingsinc.com as its contact information. *Id*. ¶ 5 & Ex. 3.

Plaintiffs' Complaint alleges that the website uses the MarketAxess Marks in connection with financial services, namely a leading electronic trading platform for fixed-income securities. *See* Dkt. No. 1. The Complaint also alleges that Defendants are using the infringing website to confuse consumers into believing the website is affiliated with, endorsed by, or authorized by MarketAxess, and to defraud users through the genuine MarketAxess Marks and a confusingly similar iteration of MarketAxess's website. *See id*.

Accordingly, Plaintiffs sent a cease-and-desist letter to Defendants on May 1, 2026, at the address on file with the California Secretary of State, demanding that Defendants change the name of the Sham Entity and stop holding themselves out as affiliated with or endorsed by MarketAxess. Wein Decl., Ex. 5. FedEx tracking

reflects that the shipment was delivered on May 4, 2026, to 5777 W. Century Blvd., Ste. 1125, Los Angeles, California 90045, and was received by "M. Melissa." *Id*. Defendants did not respond, which prompted Plaintiffs to file this action. *Id*. ¶ 7.

### B.    Plaintiffs' Efforts to Serve Defendants by Ordinary Means

After filing this action on May 12, 2026, Plaintiffs first attempted ordinary service at the only address Defendants provided to public authorities and consumers. Wein Decl. ¶¶ 4-8; Declaration of Bobbie A. Ascate ("Ascate Decl.") ¶¶ 2-6, Ex. 7. The sham entity lists a Los Angeles address with the California Secretary of State, and Taber is listed as the registered agent at the same address. Wein Decl., Ex. 1. Plaintiffs attempted service at that address thrice. Ascate Decl. ¶¶ 2-6, Ex. 7. Each time, Plaintiffs were told that the company was not located there, although the current unrelated occupant continued receiving mail for the company. *Id*.

Plaintiffs also attempted to identify a different usable location for both Defendants. Wein Decl. ¶¶ 9-10. Plaintiffs' internal research department ran an Accurint report for Taber but could not identify a location for him. *Id*. ¶ 9. Plaintiffs' counsel then retained Countrywide Investigative Agency ("Countrywide") to investigate Defendants and potential addresses, because Plaintiffs anticipated needing to show reasonable diligence before seeking alternative service. *Id*. ¶¶ 9-10.

Countrywide reported that the California address appeared to be an executive suite and that the executive-suite operator would not confirm information regarding renters, while the investigator believed it was likely that the address holder had no knowledge of the subjects. Declaration of Dave Whittet ("Whittet Decl.") ¶ 8. Countrywide also reported that the Colorado address associated with the related "DrefX" entity was not a real suite but a company lounge. *Id*. ¶ 9. Countrywide further reported that the phone number associated with Taber appeared to be a Google Voice number and was never answered. *Id*. ¶ 10.

The investigative record confirms that continued attempts at physical service

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 11-

are unlikely to succeed. *See generally* Ascate Decl.; Whittet Decl.; Wein Decl. Indeed, Plaintiffs attempted service at the only California address that Defendants themselves provided, but Defendants were not there. Ascate Decl. ¶¶ 2-6, Ex. 7. And the investigative agency hired by Plaintiffs could not identify another valid office or residence where Taber or the Market Sham Entity could be served. Whittet Decl. ¶ 11.

### C.   Plaintiffs' Efforts to Notify Defendants by Email

Having exhausted the only available physical address and pursued additional investigation into Taber, Plaintiffs then used the email address Defendants publish on their infringing website to contact Defendants. Wein Decl. ¶¶ 5, 12-13, Exs. 3-4. On June 2, 2026, Plaintiffs' counsel emailed destek@marketaxessholdingsinc.com and informed Mr. Taber that counsel represented Plaintiffs, the owner of the well-established company name and trademark MARKETAXESS. *Id.* ¶ 12. Counsel attached the May 1, 2026 cease-and-desist letter and informed Taber that, because Defendants failed to respond, MarketAxess filed the Complaint in this Court on May 12, 2026. *Id.* Counsel also attached copies of the Summons, Complaint, and other case-initiating documents, including the Court's Standing Order. *Id.* On June 10, 2026, Plaintiffs' counsel again emailed destek@marketaxessholdingsinc.com and stated that Plaintiffs had not received any response to the June 2 email. *Id.* ¶ 13. Plaintiffs did not receive a bounce back message to either email. *Id.*

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual in a judicial district of the United States by following state law for service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Federal Rule of Civil Procedure 4(h)(1)(A) similarly permits service on a corporation, partnership, or association by following state law for serving a summons. Fed. R. Civ. P. 4(h)(1)(A). Because this Court is located in California, California law governs whether service by the alternative methods requested here is permissible.

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 12-

California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50; *see Sendzul v. Hoag*, No. CV 21-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (describing the governing standards).

California Code of Civil Procedure section 413.30 also authorizes alternative service when no statutory method applies or when, despite reasonable diligence, a plaintiff has been unable to effect service by the methods authorized in the service chapter. The statute provides that, upon motion, the court may direct that summons be served in a manner reasonably calculated to give actual notice, including by electronic mail or other electronic technology. A plaintiff seeking to establish reasonable diligence must set forth facts detailing attempts to serve the defendant by the prescribed statutory methods and why each method was unsuccessful at each address or location where the defendant is likely to be found.

Alternative service must satisfy constitutional due process. The constitutional standard is whether the chosen method is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002). The Constitution does not require any particular means of service; it requires a method reasonably calculated to provide notice and an opportunity to respond. *Rio Props.*, 284 F.3d at 1017.

Courts in this Circuit authorize email service when a plaintiff demonstrates both reasonable diligence in attempting ordinary service and that email is reasonably

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 13-

calculated to give actual notice. *Gnathonic, LLC v. Dingman*, No. 2:19-cv-01502-VAP-SSX, 2019 WL 13166751, at \*1-\*2 (C.D. Cal. Oct. 2, 2019). In *Gnathonic*, the court authorized email service where the plaintiff hired a private investigator, obtained likely addresses, attempted service at each address, and showed that the defendant had received notice by email. *Id*. at \*3-\*5. Courts have also authorized email service where a defendant conducts business online, relies on email, provides no usable physical address, communicates electronically, or makes ordinary service difficult.

California Corporations Code section 1702 also provides a separate basis to serve the Market Sham Entity through the California Secretary of State. Section 1702 allows a court to order service on a domestic corporation by delivery to the Secretary of State when the agent designated for service cannot with reasonable diligence be found at the designated address, or when no agent has been designated, and it is shown by affidavit that process cannot with reasonable diligence be served on the agent or corporation under the ordinary statutory methods. "Reasonable diligence is determined by the circumstances; there is no single formula that constitutes diligence." *Gnathonic*, 2019 WL 13166751, at \*3. The statute permits service by delivering by hand to the Secretary of State, or an assistant or deputy in that office, one copy of the process for each defendant to be served, together with a copy of the order authorizing service. Service is complete on the tenth day after delivery to the Secretary of State. Section 1702 also expressly recognizes that the authorizing order may be entered by a federal court when the action has been filed in that court. *See, e.g.*, *Kevych v. Lauren Messiah Inc.*, No. CV 25-7629 PA (PVCX), 2026 WL 157668, at \*3 (C.D. Cal. Jan. 14, 2026).

## IV.    ARGUMENT

The conduct and operation of the Defendants here strongly favors authorization of service by "other means" pursuant to Rule 4(e)(1) and Rule 4(h)(1)(A). In particular, Plaintiffs have exercised reasonable diligence to serve Defendants at all

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 14-

publicly available addresses (to no avail), hired investigators to perform further searches for potential locations (to no avail), and Defendants seem to be purposefully hiding behind their fictitious corporate creations to avoid liability for their infringement (among other claims). Because Plaintiffs have demonstrated reasonable diligence and because email and the Secretary of State are methods most likely to apprise Defendants of this action, authorizing such service by alternative means is appropriate here.

### A.  Plaintiffs Have Exercised Reasonable Diligence in Attempting to Serve Defendants by Conventional Means

Reasonable diligence entails a thorough, systematic investigation and inquiry conducted in good faith by the party or the party's agent or attorney. *Dusenberry v. United States*, 534 U.S. 161, 162 (2002); *see also Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Courts have found that good faith generally involves a number of honest attempts to learn defendant's whereabouts or their address and requires more than a single attempt to effectuate service. *Gnathonic*, 2019 WL 13166751, at \*3 (citing cases). California courts describe the test as whether the plaintiff took the steps a reasonable person who truly desired to give notice would have taken under the circumstances. *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Hiring a private investigator to ascertain addresses for the defendant, and then attempting to serve the defendant at those addresses, constitutes reasonable diligence. *Gnathonic*, 2019 WL 13166751, at \*3; *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at \*2 (N.D. Cal. Sept. 6, 2011); *E.L.V.H. Inc. v. Bennett*, No. 2:18-cv-00710-ODW (PLA), 2018 WL 6131947, at \*2 (C.D. Cal. May 2, 2018) (applying analogous New York state service statute and authorizing email service).

Here, Plaintiffs have satisfied the reasonable-diligence requirement because they attempted service at Defendants' own listed address, investigated additional means of locating Mr. Taber, and notified Defendants through the email address

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 15-

Defendants publish on their infringing website. *See generally* Ascate Decl.; Wein Decl.; Whittet Decl.

*First*, Plaintiffs attempted to serve Defendants at the principal address they provided to the California Secretary of State, FinCEN and listed on their *own* website: 5777 W. Century Blvd., Suite 1125, Los Angeles, California 90045. Wein Decl. ¶¶ 3-5 & Exs. 1-3. Mr. Taber is also the registered agent for the Market Sham Entity with the same exact address. *Id.*, Ex. 1. Plaintiffs attempted service there thrice. Ascate Decl. ¶¶ 2-6, Ex. 7. Each attempt failed because the Market Sham Entity is not located there, even though the current occupant continued to receive mail for it. *Id.*

*Second*, Plaintiffs then pursued additional internal investigation into Defendants. Wein Decl. ¶¶ 9-10. Indeed, Plaintiffs' internal research department ran an Accurint report, but it did not locate Taber. *Id.* ¶ 9.

*Third*, Plaintiffs retained Countrywide to investigate the Defendants and potential addresses. *Id.* ¶ 10; Whittet Decl. ¶ 7. Countrywide reported that the California address was an executive suite, that the executive-suite operator would not confirm anything about renters, and that it seemed likely the address holder had no knowledge of the subjects. Whittet Decl. ¶ 8. Accordingly, service could not be made at that location.

Plaintiffs also uncovered an associated Colorado address with Taber and/or Defendants (related to the "DrefX" entity filed with the SEC), but it likewise did not supply a viable service location either. *Id.* ¶ 9. Countrywide reported that the Colorado address was not a real suite but instead a company lounge. *Id.* Moreover, the phone number associated with Taber appeared to be a Google Voice number and was never answered. *Id.* ¶ 10. Plaintiffs were, therefore, not required to continue attempting service at locations their investigation showed were not genuine business or residential addresses to effectuate service. *See id.* ¶ 11.

These efforts equal the diligence shown in *Gnathonic* and *Aevoe*. Indeed, the

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 16-

courts in each of those cases approved alternative service where plaintiff hired a private investigator, identified potential addresses, and unsuccessfully attempted service at those addresses. *See Gnathonic*, 2019 WL 13166751, at *3; *Aevoe*, 2011 WL 3904133, at *2. Just like those cases, Plaintiffs have reached a dead end after pursuing the address Defendants supplied and investigating other potential avenues.

### B.   <u>Email Service Is Reasonably Calculated to Give Actual Notice to Both Defendants</u>

To comport with due process, alternate service of process must be "reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016. Courts in this District routinely grant requests to effect service by email on domestic defendants where, as here, the defendant: (1) does business on the internet; (2) relies on electronic communications to operate its business; (3) does not provide a physical address, or provides a physical address that is unsuitable for service; (4) has already communicated with the plaintiff by email; and/or (5) evades personal service or makes personal service difficult. *See, e.g.*, *Gnathonic*, 2019 WL 13166751, at *4; *Rio Props.*, 284 F.3d at 1017 (concluding that service of process by e-mail was not only proper, but also "the method of service most likely to reach" defendant, where defendant "structured its business such that it could be contacted only via its email address"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (holding "service by email would be the best method for providing actual notice" to domestic defendants who "are all engaged in internet-based commercial activities and rely on email as a means of communication"); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012) (finding that "service by e-mail will be reasonably calculated to give actual notice to Defendants" where plaintiffs had unsuccessfully attempted service at three physical addresses and had communicated with the defendant in the

PLAINTIFFS' MOTION TO SERVE BY ALTERNATIVE MEANS

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

past using the email address); *Creative Intellects v. Haygood*, No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021) (authorizing service by email and noting that "while courts look skeptically on service via a periodical because it is unlikely to result in actual notice, they routinely allow service by email") (citing cases).

Here, email to destek@marketaxessholdingsinc.com is the method most reasonably calculated to give Defendants actual notice because Defendants publish that address on the infringing website as their contact email. Wein Decl. ¶¶ 5-6, Exs. 3-4. The website lists the email address in the same contact section that lists the Los Angeles address used in Defendants' filings and public-facing materials. *Id.* The website also invites users to request a demo and contact the company, which confirms that Defendants are using the website as an active channel for business communications. *Id.*

The requested email service is especially appropriate because Defendants' conduct is internet-based and the only working contact information available seems to be electronic. *See id.* Courts routinely authorize email service when defendants conduct business online and physical service proves impracticable. For example, in *Rio Properties*, the Ninth Circuit approved email service where the defendant structured its business so it could be contacted only by email and email was the method most likely to reach the defendant. 284 F.3d at 1017–18. Similarly, in *Simple Design Ltd. v. Dairy-Queen Vision*, the court authorized service by email where the defendant had an elusive online presence, no identifiable physical address, and an email address that was listed on Google Play. No. 2:22-cv-03585-JLS-AFM, 2022 WL 17361970, at *3 (C.D. Cal. July 27, 2022); *see also Entrepreneur Media, Inc. v. Casey*, No. 8:18-cv-01058-JLS-AGR, 2018 WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) (authorizing service by email and social media where the defendant's location was unknown, the plaintiff had used a private investigator, and electronic channels appeared most likely

to provide notice); *Facebook*, 2012 WL 1038752, at \*3 (finding email service appropriate for defendants engaged in internet-based commercial activities who relied on email as a means of communication).

This case presents at least as strong a showing. The email address appears on Defendants' own infringing website. Wein Decl. ¶ 5, Ex. 3. Plaintiffs sent emails to that address warning of this Motion on June 2 and 10, 2026. *Id*. ¶¶ 12-13, Ex. 6. Plaintiffs did not receive a bounce back message—i.e., an ineffective email—for either one, which has been held sufficient by courts in this District. *Id*. ¶ 13; *see Lisboa e Benfica – Futbol SAD v. Doe 1*, No. 18-2978-RSWLE-E, 2018 WL 4043182, at \*3 (C.D. Cal. Aug. 21, 2018) (holding that service by email comported with due process where plaintiff sent messages to defendants' email addresses without receiving any bounce back message or any other indication that the messages were undeliverable); *ADT Sec. Servs. v. Sec. One Int'l, Inc*., No. 11-cv-05149 YGR, 2012 WL 3580670, at \*2-\*3 (N.D. Cal. Aug. 14, 2012) (same). Defendants' failure to respond should, therefore, not defeat service where Plaintiffs used Defendants' own published contact channel after ordinary service failed—and at which addresses seem to be fictitious for the actual corporate entity and individual.

Service via email should also be authorized for Mr. Taber because he is the individual who formed the sham entity, filed the related FinCEN registration, and holds all principal officer roles for the sham entity. Wein Decl., Exs. 1-2. The Market Sham Entity's website also publishes destek@marketaxessholdingsinc.com as its contact email. Wein Decl. ¶ 5, Ex. 3. Because Taber is Market Sham Entity's listed registered agent and officer, service through the entity's published email address is reasonably calculated to provide notice to both Defendants. To allow otherwise would allow Defendants to avoid judicial review while continuing to use MarketAxess's name and marks online.

**C.    <u>Service On the California Secretary of State Should Also Be Authorized for the Market Sham Entity Only</u>**

- 19-

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

The Court should also authorize service on the Market Sham Entity through the California Secretary of State under California Corporations Code section 1702. Section 1702 applies where the agent designated for service cannot with reasonable diligence be found at the designated address and where service cannot with reasonable diligence be made on the agent or corporation under the ordinary statutory methods. The statute permits service by delivering by hand to the Secretary of State, or an assistant or deputy in that office, one copy of the process for each defendant to be served, together with a copy of the order authorizing service. Service is complete on the tenth day after delivery to the Secretary of State.

Those statutory conditions are met for the sham entity. *See generally* Ascate Decl.; Wein Decl.; Whittet Decl. Mr. Taber is the registered agent for the sham entity at the same Los Angeles address that Defendants published, but Plaintiffs' two attempts to serve Defendants at that address failed because Defendants were not located there. Ascate Decl. ¶¶ 2-6, Ex. 7; Wein Decl., Ex. 1. Plaintiffs' investigation further showed that the California address is an executive suite and that the operator would not confirm renter information. Whittet Decl. ¶ 8. Plaintiffs have also not identified any officer, general manager, or other authorized person who can be served on behalf of the sham entity at a valid physical location. Whittet Decl. ¶ 11.

Here, service on the Secretary of State is also appropriate because the Market Sham Entity is a California corporation created through the very California filing system Defendants used to misappropriate MarketAxess's name. California law allows a corporation to be served through its registered agent, appropriate officers or agents, or the Secretary of State upon court order. Plaintiffs attempted the registered-agent route and investigated the only known addresses, but those efforts failed. Accordingly, authorizing service on the Secretary of State provides a statutory method for serving the California corporation while email service provides the method most likely to give actual notice.

### D. **In the Alternative, Plaintiffs Request Service Via Publication on both Defendants with the *Los Angeles Times* and *Denver Post***

Under California law, a summons may be served by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another specified manner." Cal. Code Civ. Proc. § 415.50(a)(1). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant[.]" *Id*.

Here, Plaintiffs have demonstrated reasonably diligence through the efforts of their counsel, their process server, and hiring Countrywide to further investigate other potential locations for Defendants. *See* Wein Decl. ¶¶ 5, 9-10, 12-13; Ascate Decl. ¶¶ 2-6, Ex. 7; Whittet Decl. ¶¶ 7-11, Ex. 9. Despite these efforts, Plaintiffs have been unable to identify the exact whereabouts of Defendants. Accordingly, Plaintiffs request that service by publication be allowed pursuant to California Code of Civil Procedure section 415.50(a)(1) and Government Code section 6064. *See, e.g*., *United States v. Benson*, 2019 WL 6612246, at *2-*3 (N.D. Cal. Dec. 5, 2019) (finding service by publication proper under California law where plaintiff conducted database searches, was unable to locate the defendant entity at the addresses on record, and unsuccessfully attempted service by other methods); *Panini Am., Inc. v. Kollectorsvault, LLC*, No. 19-CV-03800-LB, 2019 WL 6311414, at *2-*3 (N.D. Cal. Nov. 25, 2019) (same where plaintiff subpoenaed various entities, retained a private investigator, and unsuccessfully attempted service via mail and email); *Anqin Wang v. California Inv. Immigration Fund, LLC*, No. CV-17-08936-MWF (RAOx), 2018 WL 4740176, at *5-*6 (C.D. Cal. Apr. 24, 2018) (same based on the efforts of counsel and an investigator who conducted surveillance, carried out searches, and visited several addresses).

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 21-

In particular, Plaintiffs believe that Defendants are likely located in Los Angeles, California or Denver, Colorado given the only two addresses that were able to be located for them (albeit, invalid addresses for proper service). *See* Wein Decl. ¶¶ 4-5, Exs. 1-2; Whittet Decl. ¶¶ 7-11, Exs. 9-10. Thus, Plaintiffs can post a copy of the Complaint and Summons in a local Los Angeles and Denver newspaper to ensure Defendants are advised of this action and afforded an opportunity to respond. *See Peterson v. United States*, No. EDCV 15-00143-AB(RAO), 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) ("If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state[.]"). Accordingly, service by publication would be an appropriate means of serving Defendants. *See Buchanan v. Soto*, 241 Cal. App. 4th 1353, 1359-61 (2015) (holding that service by publication was properly effectuated in a San Diego newspaper because defendant's address was unknown and the real properties at issue in the case were located in San Diego County); *see also People v. Parcel No. 056-500-09*, 58 Cal. App. 4th 120, 125 (1997) (holding that service by publication was proper after the People's service upon defendant's last known address returned unclaimed and thereafter the People had no other leads as to defendant's whereabouts). While service via email and the Secretary of State is the preferred method and most likely to reach Defendants, if the Court so orders, Plaintiffs can also provide notice to Defendants via publication in a local Los Angeles and Denver newspaper like the *Los Angeles Times* and the *Denver Post*—the largest daily newspaper in each city.

### E.   The Court Should Grant Any Necessary Extension of Time to Complete Service

Plaintiffs filed the Complaint on May 12, 2026, and the 90-day service deadline under Rule 4(m) expires on or about August 10, 2026. Judge Staton's Standing Order requires plaintiffs to serve the complaint promptly, file proofs of service, and show

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 22-

good cause to extend service beyond 90 days. Osborn Decl. ¶ 2. Plaintiffs have acted diligently by attempting service, investigating Mr. Taber and the Market Sham Entity, notifying Defendants by email, and preparing this Motion before the deadline. Because the Court does not have a hearing date open until August 28, 2026, Plaintiffs hereby request leave to complete the authorized alternative service via email and with the Secretary of State within thirty (30) days after entry of the order. In the alternative, if the Court orders that service be made by publication, then Plaintiffs request ninety (90) days to complete service in order to comply with both California Code of Civil Procedure 415.50(a)(1) and Government Code section 6040.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and authorize Plaintiffs to serve Defendants Tim Taber and MarketAxess Holdings Inc. by email to destek@marketaxessholdingsinc.com, and serve the corporate entity through the California Secretary of State pursuant to California Corporations Code section 1702. Or, in the alternative to serve by publication with the *Los Angeles Times* and *Denver Post*.

Dated:  July 10, 2026           DENTONS US LLP

                                By: /s/ *Blake L. Osborn*
                                    Blake L. Osborn

                                Attorneys for Plaintiffs
                                MARKETAXESS HOLDINGS INC. and
                                MARKETAXESS CORPORATION

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 23-

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 4,987 words, which complies with Local Rule 11-6.1.

Dated:  July 10, 2026                    DENTONS US LLP


By: /s/ *Blake L. Osborn*
      Blake L. Osborn

Attorneys for Plaintiffs
MARKETAXESS HOLDINGS INC. and
MARKETAXESS CORPORATION

DENTONS US LLP
601 S. FIGUEROA ST., SUITE 2500
LOS ANGELES, CALIFORNIA 90017
213 623 9300

- 24-